**William K. VON ALLMEN, Appellant,**

v.

**STATE OF CONNECTICUT TEACHERS RETIREMENT BOARD and West Haven Board of Education, Appellees.**

No. 884, Docket 78–7534.

United States Court of Appeals, Second Circuit.

Submitted April 2, 1979.

Decided Dec. 7, 1979.

Robert F. McWeeny, Hartford, Conn. (Fleischmann & Sherbacow, Hartford, Conn., on the brief), for appellant.

Charles A. Overend, Asst. Atty. Gen., State of Conn., Hartford, Conn. (Carl R. Ajello, Atty. Gen., and Bernard F. McGovern, Jr., Asst. Atty. Gen., Hartford, Conn., on the brief), for appellees.

Before MULLIGAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

TIMBERS, Circuit Judge:

On this appeal from a judgment entered in the District of Connecticut, Ellen B. Burns, *District Judge*, dismissing the complaint and granting summary judgment in favor of defendants, we find that the chief question presented is whether the Veterans Reemployment Rights Act, 38 U.S.C. §§ 2021 *et seq.* (1976), should be applied retroactively to grant plaintiff and other similarly situated service personnel the right to purchase retirement credits for peacetime military service prior to the effective date of the 1974 amendments to the Act. A subsidiary question is whether appellant has standing to bring suit under Article I, § 8, of the United States Constitution. For the reasons below, we hold that § 2021 should be applied retroactively to grant appellant rights under the 1974 amendments to the Veterans Reemployment Rights Act, and that appellant has standing to sue under Article I, § 8. We reverse and remand.

## I.

From September 1955 until August 1956, appellant von Allmen was employed as a full-time teacher by appellee West Haven Board of Education. In August 1956, he was inducted into the United States Army. He served on active duty until June 1958. He then was transferred to the enlisted reserves and received a certificate of honorable service. Four years later he received an honorable discharge.

In September 1958, he returned to his position as a teacher employed by the West Haven Board of Education. At that time, he made his first attempt to purchase retirement credits for the years he was in the service. Pursuant to Conn.Gen.Stat.

§§ 10–166, 10–170 (1977) (current version at § 10–183b (Supp.1979)), which limit military retirement credits to periods of "service in time of war", as defined in Conn.Gen.Stat. § 27–103 (1975) (amended 1979), appellee Connecticut Teachers Retirement Board permitted appellant to purchase and receive retirement credits for the years 1956–1957. Appellant, however, was denied any retirement credits for the 1957–1958 academic years when he was in "peacetime" service. Appellant continuously has attempted to purchase retirement credits for the 1957–1958 academic years. His most recent attempt was in January 1978. But the Board consistently has denied his applications.

On March 1, 1978, appellant commenced the instant action in the District Court for the District of Connecticut, naming as defendants the Connecticut Teachers Retirement Board and the West Haven Board of Education. The complaint sought damages and injunctive relief, requesting that defendants be enjoined from further refusing veterans with "peacetime" service, rights which arise under the Veterans Reemployment Rights Act, 38 U.S.C. § 2021 (1976). On April 21, 1978 appellee Teachers Retirement Board filed a motion to dismiss under Fed.R.Civ.P. 12(b)(2) and 12(b)(6), claiming that appellant had failed to allege facts upon which relief could be granted under 38 U.S.C. § 2021 (1976). A similar motion was filed on May 8, 1978 by appellee Board of Education. Appellant subsequently filed a cross-motion for summary judgment.

The district court granted appellees' motions, holding that the 1974 amendments to the Veterans Reemployment Rights Act, which extended full coverage of the Act to veterans employed by the states and their political subdivisions, were not intended to be applied retroactively. Retroactive application of the amendments, according to the district court, would impose unforeseen obligations on the State of Connecticut with respect to the teachers' retirement fund for the benefit of appellant and the class of veterans that he seeks to represent. The district court also held that appellant had no standing to assert a claim under Article I, § 8, of the United States Constitution.

## II.

In light of these facts and prior proceedings, we turn first to the question whether the 1974 amendments to the Veterans Reemployment Rights Act should be applied to this appellant. We hold that they should.

The Selective Training and Service Act of 1940, ch. 720, 54 Stat. 885, established reemployment rights for veterans who had been employed in the private sector and who returned to work for their former employers. The Act, however, did not provide for application of these rights to employees of the states and their political subdivisions. In the Selective Training and Service Act of 1948, ch. 625, 62 Stat. 604 (later reentitled the Military Selective Service Act of 1967), Congress again refrained from imposing a specific requirement on the states but enacted the following provision in § 9(b)(C) of the Act (codified at 50 U.S.C. App. § 459(b)(C) (1970), repealed 1974): [1]

"(C) if such position was in the employ of *any State* or political subdivision thereof, *it is declared to be the sense of the Congress* that such person *should* —

(i) if still qualified to perform the duties of such position, be restored to such position or to a position of like seniority, status, and pay; or

(ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of the employer, be restored to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case." (emphasis added).

In the 1974 amendments to the Veterans Reemployment Rights Act, however, Congress explicitly provided that full coverage be extended to veterans who had been employed by the states and their political subdivisions. The legislative history of the amendments indicates that one of the major concerns of Congress was that the rights, coverage, and enforcement mechanisms available to veterans varied from state to state. S.Rep.No.907, 93rd Cong., 2d Sess. 110 (1974). Some states had enacted legislation which provided reemployment rights to returning veterans similar to those required of private employers, but other states apparently had been reluctant to require the rehiring of veterans. The Senate Report dealing with the amendments stated:

"The Military Selective Service Act of 1967 declares it to be the sense of Congress that States and their subdivisions extend to veterans the same reemployment rights as do [*sic*] the Federal Government or private industry under present law. The provision now relating to State and local governments, however, is not binding under the law and, as a consequence, many returning veterans have found that their jobs in State or local government no longer exist. Furthermore, because these stated reemployment rights are not mandatory upon State and local governments, these veterans lose all benefits which would have accrued to them had they not entered military service.

.    .    .    .

Although a number of States have enacted legislation providing reemployment rights to veterans, the coverage, the rights provided, and the availability of enforcement machinery all vary considerably from state to state. Also, some State and local jurisdictions have demonstrated a reluctance, and even an unwillingness, to reemploy the veteran. Or if they do, they seem unwilling to grant

---

1. The district court, reflecting the briefs of the parties, inadvertently relied upon and cited § 9(c)(2) of the Act, as follows:
"It is hereby declared to be the *sense* of the Congress  .   .   .  [that a state or a political subdivision thereof] *should* [.   .   .   grant

the same benefits to returning veterans as are required of private employers.]" (emphasis added).
Section 9(c)(2) did not deal with state employers. Section 9(b)(C) did.

them seniority or other benefits which would have accured [*sic*] to them had they not served their country in the military." S.Rep.No.907, 93rd Cong., 1st Sess. 109–10 (1974).

Appellant claims that under 38 U.S.C. § 2021 (1976), he should be permitted to purchase retirement credits for the entire time that he served in the military, including his peacetime service that Connecticut law refuses to recognize. Section 2021(b)(1) provides:

"Any person who is restored to or employed in a position in accordance with the provisions of clause (A) or (B) of subsection (a) of this section shall be considered as having been on furlough or leave of absence during such person's period of training and service in the Armed Forces, shall be so restored or reemployed without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration or reemployment."

Since under the holding in *Alabama Power Co. v. Davis*, 431 U.S. 581 (1977), pension credits are a form of seniority protected by the Veterans Reemployment Rights Act, appellant contends that these credits should be granted to him.

The statutory amendments became effective on December 3, 1974, while appellant's claim is premised on military service performed in 1957–1958. Both the district court and appellees in their brief on appeal cite numerous cases which hold that, in the absence of clear legislative intent to the contrary, statutes should not be construed to apply retroactively. *E. g., Miller v. United States*, 294 U.S. 435, 439 (1935); *Brewster v. Gage*, 280 U.S. 327, 337 (1930); *United States v. Magnolia Petroleum Co.*, 276 U.S. 160, 162–63 (1928). Since the language of the instant statute is silent on the matter

of retroactivity, the question is whether there is a necessary implication that the statute is to be applied retroactively. *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 102, 110 (1801). The district court noted that prior to the 1974 amendments Congress had had ample opportunity to require that the states and local governments apply the same standards to returning veterans as required of private employers. Since Congress had not done so until 1974, the district court reasoned that the 1974 amendments represented a conscious change of policy which must be construed to apply prospectively only.

An examination of the legislative history indicates that Congress indeed was extending new substantive rights to veterans employed by the states. The Senate Report states:

"The reemployment rights program is basically a labor-management relations program, dealing not only with initial reinstatement of the veteran in his former job, but also with such matters as seniority and pension rights . . . . Amendments to the law made by this section would extend full coverage to veterans who were employed by States and their political subdivisions . . . . 

. . . . .

The Department of Labor generally favors such an amendment to the law. It believes that school teachers, policemen, and other public employees returning from military service should not be denied reemployment rights provided for other veterans." S.Rep.No.907, 93rd Cong., 1st Sess. 109 (1974).

■ To construe such legislation, however, as prospective only, we find unpersuasive for several reasons. First, it is most likely that Congress did not see any particular need to impose such a requirement on the states prior to the 1974 amendments. It was not until a large number of Vietnam veterans began returning from the service and were unable to get jobs that Congress realized that its earlier hortatory statement that the states "should" grant the same rights to returning veterans, § 9(b)(C) of

the Military Selective Service Act, *supra*, had been ineffective. Congress clearly was concerned that, since legislation providing reemployment rights to returning veterans varied from state to state in terms of coverage and enforcement mechanisms, veterans who had been employed in state and local governments would not be receiving the same rights as those who had previously been employed in the private sector. Indeed, the Senate Report stated:

> "This year it is expected that an estimated half million Vietnam veterans will be separated from military service. More than half of these young men were employed prior to their entering service. Under the Military Selective Service Act of 1967, those who held jobs with the Federal Government or private industry are assured that their job rights are protected. This is not the case with those veterans who previously held jobs as school teachers, policemen, firemen, and other State, county, and city employees." S.Rep.No.907, 93rd Cong., 1st Sess. 110 (1974).

It is clear from the legislative history that Congress intended the amendments to produce uniformity from state to state and to ensure that veterans returning from Vietnam would be rehired and given all the benefits to which they would be entitled had they not entered the service. If the amendments were to apply only prospectively from the date of their enactment, large numbers of veterans who returned from Vietnam prior to the effective date of the amendments in December 1974 would be stripped of the benefit of the amendments. Such a result would be contrary to the expressed purpose of the amendments which was to insure uniformity among all returning Vietnam veterans. S.Rep.No.907, 93rd Cong., 1st Sess. 109–10 (1974).

Second, this Court previously has rejected the argument that when a statute does not specifically provide for retroactive application, the statute should be applied only prospectively. *Brown v. General Services Administration*, 507 F.2d 1300, 1305 (2 Cir. 1974), *aff'd on other grounds*, 425 U.S. 820 (1976). In *Brown* we relied on the principle enunciated in *Bradley v. Richmond School Board*, 416 U.S. 696, 711 (1974), "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *See also Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 281–83 (1969); *Hirschberg v. Braniff Airways, Inc.*, 404 F.Supp. 869, 873 (E.D.N.Y.1975).

The district court below concluded, without any support in the record, that application of this amendment would cause appellees "manifest injustice", by imposing upon them "unforeseen obligations". Simply asserting that financial payments are unforeseen does not mean that they will produce "manifest injustice".

We reverse the judgment of the district court and hold that appellant is entitled to the rights extended to all employees of the states and their political subdivisions by the 1974 amendments to the Veterans Reemployment Rights Act.

### III.

Appellant also claimed that Conn. Gen.Stat. § 10–166 (1977) was preempted by the 1974 amendments to the Veterans Reemployment Rights Act enacted pursuant to Article I, § 8, of the United States Constitution which provides that Congress shall have the power "to raise Armies", "[call] forth the Militia", and "to make all laws which shall be necessary and proper for carrying into execution the foregoing powers." The district court concluded that, since appellant had no standing to assert a cause of action under the 1974 amendments, the argument of preemption also was inapplicable. In light of our determination that appellant does have rights under the 1974 amendments, we reverse the district court's determination on this second claim.

Since the district court, however, did not rule upon appellees' Eleventh Amendment defense to appellant's claim for damages, we remand the case to the district court for further proceedings consistent with this opinion.

Reversed and remanded.