Gary A. LINGENFELTER,
Plaintiff-Appellant,

v.

KEYSTONE CONSOLIDATED INDUS-
TRIES, INC., a Delaware corporation,
Defendant-Appellee.

No. 82–1003.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1982.
Decided Oct. 14, 1982.

R. Wayne Harvey, Peoria, Ill., for plaintiff-appellant.

Roy G. Davis, Davis & Morgan, Peoria, Ill., for defendant-appellee.

Before BAUER, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

Plaintiff Lingenfelter was employed as a laborer by Defendant Keystone Consolidated Industries, Inc., from September 25, 1968, until he was drafted for military service on June 24, 1969. He was honorably discharged from the United States Army on February 17, 1971, because of physical disabilities. The physical evaluation report read: "Epilepsy, grand-mal, severe, uncontrolled by medication, at least 1 major seizure in the last 6 months." Lingenfelter receives monthly disability payments from the Army based upon a finding of 20 percent disability.

In March 1971, Lingenfelter applied for reinstatement with Keystone. His application was denied. The evidence conflicts on whether reinstatement was denied based upon Lingenfelter's physical condition or his lack of seniority. However, that issue is not material to this court's decision.

After learning of Keystone's decision not to rehire him, Lingenfelter contacted the Veteran's Administration for assistance. Later, in March 1973, Lingenfelter requested help from the United States Department of Justice. Neither agency was able to resolve Lingenfelter's claim. On November 23, 1973, the Regional Solicitor of the labor department advised the Acting Assistant Attorney General that Lingenfelter's claim was "not meritorious." Moreover, on February 25, 1974, the United States Attorney for the (then) Southern District of Illinois wrote to Lingenfelter, the Department of Labor, and the Department of Justice, advising them that he would not file an action on Lingenfelter's behalf. In that letter, the United States Attorney told Lingenfelter of his right to pursue a claim through private counsel and suggested that he consult a lawyer.

Although Lingenfelter seemingly had exhausted all other avenues available to him for reinstatement with Keystone no later than February 1974, this action under the Veteran's Reemployment Rights Act, 38 U.S.C. §§ 2021–2026 (1976), was not filed until May 20, 1980. Discovery progressed through September 1981. Defendant Keystone moved for summary judgment on September 23, 1981, and Plaintiff Lingenfelter filed a cross-motion for partial summary judgment on October 8, 1981. On December 2, 1981, the district court granted the defendant's motion, declaring that because the plaintiff had inexcusably delayed filing this action, and because that delay prejudiced the defendant, the suit was barred by laches. We affirm.

I

*A. The doctrine of laches.*

 Laches is principally a question of the inequity of permitting a claim to be enforced. It is unlike limitation, which is based merely on time. Rather, laches is based upon changes of conditions or relationships involved with the claim. *Galliher v. Cadwell,* 145 U.S. 368, 373, 12 S.Ct. 873, 875, 36 L.Ed. 738 (1892). In order to support a defense of laches, there must be a showing of both a lack of diligence by the party against whom the defense is asserted and prejudice to the defending party. *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961).

 This court has held consistently that under the two-prong test for laches the plaintiff bears the burden of explaining its delay in bringing suit. *See Baker Manufacturing Co. v. Whitewater Manufacturing Co.,* 430 F.2d 1008, 1011–15 (7th Cir. 1970), *cert. denied,* 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971); *Boris v. Hamilton Manufacturing Co.,* 253 F.2d 526, 529 (7th Cir. 1958). If the delay is inexcusable, then the defendant must show prejudice. In *Baker,* the court concluded that an unreasonable, inexcusable delay raises a presumption that the defendant suffers damage and prejudice. 430 F.2d at 1009–11. The plaintiff here vigorously asserts that such a presumption is improper, and that the defendant must establish prejudice. We need not analyze that issue in this case, however, because we believe that the district court

did not abuse its discretion in ruling that Keystone had shown actual prejudice.

*B. Plaintiff's claims.*

■ We note at the outset that a decision on the issue of laches rests within the sound discretion of the trial judge. *Baker,* 430 F.2d at 1009. Although the trial court's discretion is not "unfettered by appropriate standards or shielded from thorough appellate review," *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir. 1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980), we will not disturb its findings on appeal "unless it is so clearly wrong as to amount to an abuse of discretion." *Baker,* 430 F.2d at 1009; *Boris,* 253 F.2d at 528–29.

■ The plaintiff first claims that his failure to commence an action until more than nine years after it accrued, and more than six years after exhausting other courses of action, does not bar a claim under the doctrine of laches. In his brief at page 12, the plaintiff states: "The fact that the Plaintiff waited one year or eleven years is irrelevant and immaterial to bar the Plaintiff under the doctrine of laches." This is clearly incorrect. In order for laches to apply, the plaintiff must have unreasonably and inexcusably delayed bringing suit. Obviously the length of the delay in filing

suit stands at the core of that issue. The cases cited by the plaintiff are inapposite to the issue of delay here. In each of them, either the courts found that the delays were excusable or the length of time was not even at issue.[1]

■ Lingenfelter delayed filing suit for at least six years. He offers no excuses for his delay. We believe that the district court did not abuse its discretion in deciding that an unexplained delay of nine years between accrual of the cause of action and filing suit satisfied the first prong of the laches defense.

The controlling issue, therefore, is whether Keystone suffered any prejudice as a result of Lingenfelter's delay. The district court's finding that Keystone was prejudiced is well supported by the record. Keystone hired a replacement for Lingenfelter, and hired, promoted, and paid many other workers during the nine-year period. Keystone argues that its employment scheme would be greatly upset, and its monetary losses substantial, if the appellant prevailed here. The plaintiff, however, cites *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800 (8th Cir. 1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980), in support of his proposition that the payment of wages to another worker does not consti-

1. In *Alber v. Norfolk & W. Ry.,* 654 F.2d 1271 (8th Cir. 1981), for example, the plaintiff filed suit in 1979, although he had returned from military service in 1968. The district court concluded that laches barred the action, but the Eighth Circuit reversed. The court of appeals noted that the plaintiff did not know of his entitlement until 1979 and that, therefore, the laches defense failed.

In *Hirschberg v. Braniff Airways, Inc.,* 404 F.Supp. 869 (E.D.N.Y.1975), the plaintiff delayed six years between returning from military service and suing under the Veteran's Reemployment Rights Act. The court held that laches did not bar that action. However, in that case, the United States Departments of Justice and Labor each conducted investigations which were not finally closed until just one year before the plaintiff filed suit.

Finally, in *Von Allmen v. Connecticut Teachers Retirement Bd.,* 613 F.2d 356 (2d Cir. 1979), the plaintiff was discharged from military service in 1958, but did not file an action against the teachers' retirement board until 1978. The

plaintiff was reemployed as a teacher, but was unable to purchase retirement credits for the years that he was in the service. The plaintiff continually attempted to purchase the credits for 20 years. Two material factual differences distinguish *Von Allmen* from the case before us. First, the plaintiff's right to sue the retirement board, a state agency, was not fully incorporated into the Veteran's Reemployment Rights Act until 1974. Second, the plaintiff actively pursued his claim continuously until he filed his lawsuit. Notably, the Second Circuit did not mention laches in its opinion; the issue apparently was not raised before that court.

Here, as noted in the text, Plaintiff Lingenfelter recognized that he had a claim against Defendant Keystone in 1971. However, he neither formally asserted the claim against the company nor sought alternative avenues of assistance for six years before he filed this action. This case, therefore, presents a compelling factual argument that Lingenfelter slept on his rights to Keystone's prejudice.

tute prejudice under the doctrine of laches.[2] We agree with the basic proposition that without a greater showing of prejudice than the mere payment of wages to another worker it is difficult to support a laches defense. However, such payments clearly damage the defendant unfairly when they continue for many years in the absence of any claim against it. Therefore, the district court properly considered wages paid and promotions awarded to alternate employees as elements of prejudice to the defendant.

■ We do not believe that this position is inconsistent with the Eighth Circuit's reasoning in *Goodman* in which that court "reject[ed] the contention that the cost of litigation or the payment of lost wages by itself could constitute prejudice within the contemplation of a laches defense." *Goodman,* 606 F.2d at 808.[3] Pecuniary losses of many types may be considered in weighing the prejudice to a defendant. *See Gruca v. United States Steel Corp.,* 495 F.2d 1252, 1260 (3d Cir. 1974) (defendant's payment of employee wages to another to do plaintiff's work for more than nine years is a "very real factor" in determining whether prejudice exists); *Sworob v. Harris,* 451 F.Supp. 96, 102 (E.D.Pa.), *aff'd,* 578 F.2d 1376 (3d Cir. 1978), *cert. denied,* 439 U.S. 1089, 99

S.Ct. 871, 59 L.Ed.2d 55 (1979) (United States Government's monetary losses including litigation expenses constitute prejudice within the purview of the laches defense).

The defendant also argues that its potential witnesses cannot remember key events surrounding Lingenfelter's application for reemployment. One witness admits that his memory has faded. Another claims to remember the events, but his testimony in a recent deposition apparently conflicts with facts recorded when the hiring procedure transpired. Even though Lingenfelter argues with some support that most testimony and evidence is available for trial, we will not disturb the district court's decision absent so clear an error as to constitute an abuse of discretion. We cannot find any error in the district court's ruling on this point.

II

The loss of important testimony and the monetary damages amply support a finding of prejudice and the application of laches to bar the plaintiff's claim. We need not consider the defendant's other claims of prejudice. In addition, we need not reach the merits of the plaintiff's claim under the Veteran's Reemployment Rights Act.[4]

2. The 98 plaintiffs in *Goodman* sued under the Veteran's Reemployment Rights Act to regain employment at McDonnell Douglas. The district court dismissed the complaint on the basis of laches. The Eighth Circuit affirmed, holding that the plaintiffs unreasonably delayed filing suit to the prejudice of McDonnell Douglas. In its discussion of prejudice, the Eighth Circuit noted that the prejudice normally considered when applying laches is that which diminishes the defendant's chances of success at trial. 606 F.2d at 808 & n.17.

However, the Eighth Circuit recognized that, because laches is an equitable doctrine, a broad range of evidence is relevant to determine whether a defendant has been unfairly prejudiced. *Id.* One type of prejudice, therefore, arises when a defendant adjusts its position in a manner that would not have occurred if the plaintiff had not delayed. *See Tobacco Workers Int'l Union Local 317 v. Lorillard Corp.,* 448 F.2d 949, 958 (4th Cir. 1971); *Alber v. Norfolk & W. Ry.,* 489 F.Supp. 654, 656 (E.D.Mo.1980), *rev'd on other grounds,* 654 F.2d 1271 (8th Cir. 1981). We believe that this analysis supports

the consideration of pure monetary losses as a factor in determining unfair prejudice. Laches applies to protect a defendant not only from diminished likelihood of success on the merits at trial, but also from unfairly accentuated damages occasioned only by a plaintiff's unreasonable delays.

3. The *Goodman* court cited *Watkins v. Consumers Power Co.,* 80 CCH Lab.Cas. ¶ 11,912, at 22,586 (E.D.Mich.1977), to support its conclusion that wages paid to a substitute employee do not constitute damage under the laches doctrine. The defendant in *Watkins* alleged no other harmful effects from the plaintiff's 4½ year delay in filing suit. The district court held that the possibility of double-payment of wages would not satisfy the second prong of the laches defense, that is, prejudice to the defendant.

4. The plaintiff also seeks relief from the district court's order denying the plaintiff's cross-motion for partial summary judgment. However, the denial of a motion for summary judgment is not an appealable order. Therefore, we lack

None of the many cases cited by the plaintiff suggest that the district court erred. Accordingly, the district court's order granting the defendant's motion for summary judgment is

AFFIRMED.

jurisdiction to review that decision. *See Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 n.11 (8th Cir. 1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980); *American Nat'l Bank & Trust Co. v. Certain Underwriters,* 444 F.2d 640, 642 (7th Cir. 1971).