Richard P. WILMES,
Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE,
William Bolger, Postmaster General,
Defendants-Appellees.

No. 85–2650.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1986.

Decided Jan. 22, 1987.

Dan Walker, Jr., Law Office of Dan Walker, Jr., Oak Brook, Ill., for plaintiff-appellant.

Elizabeth Landes, Anton R. Valuksa, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

Appellant Richard P. Wilmes appeals the district court's grant of summary judgment in favor of the United States Postal Service on both counts of his complaint alleging age discrimination and violation of his veterans preference rights under United States Postal Regulations and 5 U.S.C. § 3318. We affirm.

I

In 1975, the appellant Richard Wilmes, a veteran, passed the civil service examination for applicants of clerical and letter carrier positions in the United States Postal Service, and his name was placed on the official eligibility list for those positions at the Schaumburg/Roselle United States Postal Facility in Schaumburg, Illinois. Some two years thereafter, in October, 1977, Wilmes discovered that the Schaumburg/Roselle Postal Facility hired eight clerks earlier in that month. Because he believed that these clerks were younger and less qualified than he, Wilmes lodged an informal complaint with Oliphant

Young, an Equal Employment Opportunity Commission counselor, on November 11, 1977, charging that the U.S. Postal Service had discriminated against him due to his age. In February, 1978, after Wilmes lodged his informal complaint, the Postal Service offered him a position as a clerk with the Schaumburg/Roselle U.S. Postal Facility, but Wilmes declined the offer since he was employed with a private firm at that time.

Even though he refused the employment offer, Wilmes requested that he be allowed to remain eligible for future employment with the United States Postal Service. Ordinarily, when a U.S. Postal Service job applicant such as Wilmes declines an offer of employment the applicant's eligibility for employment would terminate.[1] However, in Wilmes' case the Postal Service made an exception and agreed to maintain Wilmes' name on its eligibility list. The Postal Service subsequently hired Wilmes on March 10, 1979 as a clerk at the Schaumburg/Roselle Post Office. Even though Wilmes was employed by the Postal Service, he renewed his complaint on July 9, 1979 with the Equal Employment Opportunity Commission (EEOC) that the Postal Service had discriminated against him due to his age. Wilmes subsequently filed a formal complaint with the EEOC on August 26, 1979, and the EEOC rejected the complaint as untimely.

In 1981, Wilmes filed suit in the district court alleging that the defendant United States Postal Service had discriminated against him by refusing him employment due to age from November, 1975 to February, 1978 and from September, 1978 to March, 1979 in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, et seq. In 1983, Wilmes amended his complaint to include an additional count alleging that the Postal Service had failed to follow its own regulations and 5 U.S.C. § 3318 providing for preferential consideration for veterans seeking employment with the Postal Service. The district court granted the U.S. Postal Service's separate motions for summary judgment on Wilmes' age discrimination claim and his § 3318 claim. The court held that Wilmes had settled his age discrimination claim prior to filing suit and that laches barred Wilmes' § 3318 claim.

## II

Wilmes initially argues that the district court erred in granting summary judgment on Count I, his age discrimination complaint, because Wilmes contends that an issue of fact exists as to whether he settled his claim. The district court may grant a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). The party moving for a summary judgment

---

1. An individual, who is not a federal employee, may become eligible for a career postal appointment only through the successful completion of a written examination. An individual's score on this examination is adjusted upward if the individual is a veteran. Upon successful completion of the written examination administered through the National Test Administration Center, the name of the applicant for a career postal appointment is placed on a "register of eligibles" or hiring list. When the applicant receives an appointment, his name is removed from the "register of eligibles." The United States Postal Service Personnel Operations Manual states:

215 Open Competitive Selections
215.1 Register
These are selections made from a register of eligibles resulting when one or more applicants have applied for the same position and have been rated by the NTAC [National Test Administration Center] on the basis of a written examination or a rated application examination (either of which may include a performance test) and the relative score(s) adjusted for veteran preference. A rated application examination may also include a written and/or performance examination.
252.8 Removal from Register by Career Appointment
The name of an eligible who receives a career appointment from a register is removed from that register. If given a casual or temporary appointment, the eligible's name remains on the register.
USPS Personnel Operations Manual, P.11, §§ 215.1, 252.8.

carries the burden of establishing that no genuine issue as to any material fact exists and that the movant is entitled to summary judgment as a matter of law. *See Goldstick v. ICM Realty,* 788 F.2d 456, 458 (7th Cir.1986). The trial court held that no genuine issue as to any material fact existed as to whether Wilmes settled his age discrimination claim and that since Wilmes settled his age discrimination claim he could not now assert a cause of action for age discrimination. In *Garvin v. Postmaster, United States Postal Service,* 553 F.Supp. 684 (E.D.Mo.1982), the court held that an aggrieved employee who voluntarily settled a claim waives his right to bring a subsequent employment discrimination action based on the same fact situation. In *Kirby v. Dole,* 736 F.2d 661 (11th Cir.1984), the court stated "that one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle". *Id.* at 664. *See also Strozier v. General Motors Corporation,* 635 F.2d 424 (5th Cir.1981).

The district court's decision to grant the Postal Service's motion for summary judgment was based on the following facts. In 1977, Wilmes orally complained to the EEOC that the Postal Service had discriminated against him due to age. In February 1978, the U.S. Postal Service offered Wilmes a position at the Schaumburg/Roselle Post Office, and Wilmes rejected the offer since he was employed by a private company at that time. Thereafter, Wilmes contacted Oliphant Young, a counselor from the Equal Employment Opportunity Commission and requested Young intervene and arrange to have the Postal Service maintain Wilmes' name on its eligibility list for clerical and letter carrier positions. Normally, Wilmes' name would have been removed from the Postal Service's hiring lists when he declined an offer of employment. In exchange for the settlement of Wilmes' age discrimination claim, the Postal Service agreed to allow Wilmes' name to remain on its eligibility list for employment.

The district court in rendering summary judgment in favor of the Postal Service referred to three letters submitted by Wilmes and received as exhibits. Initially, the court relied on a letter from Wilmes to the postmaster of the Schaumburg/Roselle Post Office dated January 11, 1979 in which Wilmes states "[e]nclosed you will find a copy of a letter of complaint resolution which I requested from my EEO counselor, Mr. O. Young, and a copy of my letter to him asking for a written confirmation that my name is currently on [sic] eligible career clerk appointee list which will be used to fill immediate clerk openings." The district court also referred to a letter from Wilmes to Young, a counselor from the Equal Employment Opportunity Commission, dated November 11, 1978, as evidence that Wilmes has settled his EEOC complaint. In the letter, Wilmes asked Young to supply him with verification of the verbal agreement that Young reached on Wilmes' behalf with the Postal Service concerning the Postal Services' retention of Wilmes' name on its hiring list. As further evidence that Wilmes had resolved his age discrimination claim, the trial court relied on Young's letter of October 23, 1978, to E.T. Cortwell, the officer in charge of the Schaumburg/Roselle Post Office, detailing the settlement terms of Wilmes' claim. Young's letter states that "[t]his letter is to acknowledge and document the contents of an oral statement made by Mr. Edward Budzyn, Postmaster Schaumburg/Roselle in the resolution of an EEO complaint made by Mr. Richard Wilmes in November 1977." The letter continues "Mr. Wilmes, a clerk-carrier eligible at the time, with a test score of 84:00 chose to waive an appointment at that time (2–78), with the agreement that he would retain his eligibility for an unspecified time. With [sic] the possibility of accepting an appointment at a later date."

The court properly ruled that since no issue of material fact exists as to whether Wilmes settled his claim, Wilmes cannot now proceed with his age discrimination claim against the Postal Service based on the same fact situation, and, accordingly,

we hold that the district court properly entered summary judgment in favor of the defendants.

### III

Wilmes next argues that the district court "improperly granted summary judgment on count II on the amended complaint on the issue of laches." In 1981, Wilmes brought his initial suit against the Postal Service alleging only age discrimination, and it was not until approximately two years later in 1983 that Wilmes amended his complaint to include a second count. In count II of his amended complaint, Wilmes alleged that the Postal Service had failed to follow its postal regulations then in effect (1976) and 5 U.S.C. § 3318 [2] requiring that United States veterans receive preferential consideration in hiring. In granting the defendant U.S. Postal Service's motion for summary judgment, the trial court stated that "[u]ndisputed facts presented by defendants persuade us that plaintiff's injunctive prayer is barred by laches." Mem.Op. and Or. 6/25/85, p. 6.

In reviewing the district court's granting of the summary judgment motion in favor of the Postal Service, we must determine whether the Postal Service "met its burden of showing that there was no genuine issue as to any material fact". *Equal Employment Opportunity Commission v. Massey-Ferguson, Inc.*, 622 F.2d 271, 276 (7th Cir.1980). In *Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 340 (7th Cir.1982), we stated that "[i]n order to support a defense of laches, there must be a showing of both a lack of diligence by the party against whom the defense is asserted and prejudice to the defending party." We also stated that "[t]his court has held consistently that under the two-prong test for laches the plaintiff bears the burden of explaining its delay in bringing suit." *Id.* at 340. In granting the Postal Service's motion, the district court stated that "[p]laintiff provides no justification for his delay in bringing suit." Mem.Op. and Or. 6/25/85, p. 6. On appeal, Wilmes fails to explain his lack of diligence in pursuing his claim that the Postal Service failed to accord him preferential consideration in its hiring decisions. In *Lin-*

**2.** 5 U.S.C. § 3318 provided in 1976 that:

An appointing authority who passes over a preference eligible on a certificate and selects an individual who is not a preference eligible shall file written reasons with the [Civil Service] Commission for passing over the preference eligible. The Commission shall make these reasons a part of the record of the preference eligible. The Commission may require the submission of more detailed information in support of the passing over the preference eligible. The Commission shall determine the sufficiency or insufficiency of the reasons submitted and shall send its findings to the appointing authority. The appointing authority shall comply with the findings of the Commission. The preference eligible or his representative, on request, is entitled to a copy of—

(1) the reasons submitted by the appointing authority; and

(2) the findings of the Commission.

The Civil Service Commission delegated its authority under 5 U.S.C. § 3318 to the Postal Service, and the applicable Postal Service regulation then provided:

If the appointing officer passes over an eligible entitled to veteran preference and selects a lower ranking eligible who is not entitled to veteran preference, the appointing officer should attach to the *Hiring Worksheet* a state-

ment of the reason for this action. The only acceptable reason for passing over a veteran preference eligible who would otherwise meet all the requirements and appointing an eligible without veteran preference is the possession of evidence that indicates the veteran preference eligible will not be able to perform the duties of the position. For example: The veteran is being considered for a mailhandler job. While previously employed as a temporary mailhandler a short time ago, the veteran refused on a number of occasions to handle sacks of mail. This could be considered a good reason for passing over the veteran and appointing a non-preference eligible lower on the register. Any qualified veterans passed over in favor of a nonveteran will be given the reasons for this action and will be informed of the appeal rights to the Regional Postmaster General. The Regional Postmaster General, in the name of the Postmaster General, will act on all appeals. No further administrative appeal will be taken beyond the level of Regional Postmaster General. The Senior Assistant Postmaster General, Employee Relations, may review an individual case at his/her discretion and recommend action to the Postmaster General.

Postal Service Regulation 265.4.

*genfelter,* where the plaintiff was unable to explain his six-year delay in bringing suit, this court stated "that an unreasonable, inexcusable delay raises a presumption that the defendant suffers damage and prejudice." 691 F.2d at 340. Thus, in the absence of any explanation for Wilmes' delay in bringing suit, we presume the United States Postal Service was prejudiced by his delay.

The Postal Service contends that it was prejudiced as a result of Wilmes not filing his claim (alleging that the Postal Service violated his veterans preference) in a timely fashion since documentary evidence crucial to its defense was destroyed pursuant to postal regulations. Postal regulations require that "applications for employment and related papers" be destroyed after two years. Postal Service Regulation 245.56. In addition, the Postal Service points to an affidavit from Postmaster Wayne L. Kuhlmann of the Schaumburg/Roselle Post Office as further support for its contention that Wilmes' delay in bringing suit prejudiced it. The affidavit from Postmaster Kuhlmann states that a search of all personnel and hiring records revealed that the Postal Service no longer retained any hiring worksheets or correspondence from 1976 regarding the post office's hiring or failure to hire any veterans.

As further evidence that it was prejudiced through Wilmes' delay in commencing his suit, the Postal Service relies on the uncontradicted affidavit of June Moberg, the Postal Service employee in charge of completing the paperwork necessary for compliance with Postal Service hiring regulations at the Schaumburg/Roselle Post Office. In the affidavit dated July 31, 1985, Moberg stated that she was working at the Schaumburg/Roselle Post Office in 1976 and that she has no recollection of the plaintiff Wilmes or any correspondence pertaining to Wilmes. In addition, Moberg maintains that as of this date, some ten years after the event, she is unable to recall whether or not she sent Wilmes a statement of the reasons for the rejection of his application. If Moberg could testify that she had sent Wilmes a statement of the reasons for the rejection of his application in conformance with Postal Service regulations, this testimony would have been helpful to the Postal Service in establishing as groundless Wilmes' allegations that the Postal Service failed to follow its regulations in according him his veteran's preferential hiring rights.[3] In *EEOC v. Massey-Ferguson,* 622 F.2d 271, 280 (7th Cir.1980), we stated that "the prejudice resulting from the fading of its [the defendant's] witnesses' memories is sufficient for the application of laches." Thus, the U.S. Postal Service argues that laches should be applied in the present case because no issue of material fact exists as to the fact that it has been prejudiced through the loss of Morberg's memory and her consequent inability to testify as to the rejection of Wilmes' 1976 application for employment.

Wilmes argues that a material issue of fact remains as to whether or not the Postal Service was prejudiced through his delay in bringing suit since an examination of his employment folder reveals that it contained materials pertaining to the plaintiff dating back to 1955 when he originally applied for a job with the United States Postal Service. Thus, Wilmes asserts, that arguably, a question of fact remains as to whether the Postal Service destroyed documents relating to his 1976 application. In response to Wilmes' argument, the Postal Service maintains that it had in fact retained certain documents in its personnel files concerning the plaintiff but that the relevant documents necessary to the veterans preference and its defense were destroyed pursuant to postal regulations after two years and that a thorough search of its files revealed that the documents no longer exist.

■ Wilmes also argues that the Postal Service failed to disclose the names of persons besides Moberg who could testify concerning the reasoning behind Wilmes not being hired. In response, Moberg's affidavit reveals that she was the only person responsible for ensuring compliance with

**3.** See footnote 2 *supra.*

Postal Service hiring regulations. In considering whether Wilmes' delay in bringing his claim prejudiced the Postal Service, the trial court stated that "we find no disputed facts as to the presence of both components of a laches defense, unreasonable delay and prejudice." Mem.Op. and Or. 6/25/85, p. 7. Because no issue of material fact exists as to whether Wilmes unreasonably delayed in bringing his claim and that the delay prejudiced the United States Postal Service, we agree with the ruling of the district court that Wilmes' claim was barred by laches.

## IV

We hold that the district court's grant of summary judgment in favor of the Postal Service on Wilmes' age discrimination claim since Wilmes had previously settled his claim based on the same fact situation was proper. Further we hold that the district court properly held that the defense of laches barred the second count of Wilmes' complaint that the Postal Service violated its regulations in not granting him preferential consideration in hiring due to his status as a veteran. Accordingly, we affirm the judgment of the district court. We invite the parties to inform the court as to why costs should not be assessed against the appellant in this appeal.