116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jacqueline K. FERGUSON, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States,
Defendant-Appellee.
 No. 96-3306.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division, No. 93-C-20042; Philip G. Reinhard, Judge.
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Jacqueline Ferguson appeals the district court's entry of summary judgment in favor of the United States Postmaster General on her Title VII race discrimination claim. We affirm.
 
 
 2
 Ferguson, a United States Postal Service ("PS") employee, was hired by the PS as a Letter Sorter Machine ("LSM") operator in 1986 and worked at a Chicago area facility for two years before the PS granted her request for a transfer to the Harrison Avenue facility in Rockford, Illinois. Though Ferguson passed her LSM training at the previous facility, she was required to be retrained on the LSM at the Harrison Avenue facility because the LSM operation is specific to a particular zip code. Ferguson did not pass her LSM training within the allotted time period and, consequently, her employment was terminated in 1988.
 
 
 3
 Prior to her discharge, Ferguson filed a race discrimination complaint with the PS's Equal Employment Opportunity ("EEO") office, alleging that PS employees discriminated against her on account of race because they had refused her request for additional LSM training hours. On February 14, 1990, she filed a second EEO complaint, alleging that the PS discriminated against her on account of race because she was trained differently than white employees. These cases were settled in August 1990. The terms of the agreement provided that Ferguson would be reinstated as an LSM operator trainee and compensated for 18 months of back pay.
 
 
 4
 In January 1992, Ferguson requested the EEO to reinstate her previously settled complaints, arguing that the PS had "abridged" the settlement agreement by (1) failing to train her for temporary work assignments; (2) engaging in unfair bidding practices for available jobs after a reorganization of the Harrison Avenue facility, (3) improperly calculating, and attempting to collect overpayments in, her back pay award. The PS denied her request in November 1992.
 
 
 5
 In February 1993, Ferguson filed a Title VII complaint against the PS, alleging ten specific acts of race discrimination. In response to the PS's motion for summary judgment, Ferguson stated: "Plaintiff will not burden the court with statements to support the 10 allegations referred to in the complaint ..." Instead, Ferguson made new allegations of discrimination. The district court granted summary judgment in favor of the PS.
 
 
 6
 On appeal, Ferguson argues that the district court erred in finding that the settlement agreement had not been "abridged." Even though Ferguson's complaint alleged that the PS had "[a]bridged settlement 29 Aug. 1990 (dated) signed by plaintiff 7 Sept. 1990," the court found that she had given no indication that she was advancing a breach of contract claim. Indeed, paragraph one of Ferguson's complaint states that her "action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." Consequently, the court did not address this claim under contract law. Because no other basis for relief is alleged, the district court committed no error.
 
 
 7
 Moreover, even if Ferguson were to have alleged a breach of the settlement agreement, she would have had to return to the PS any consideration received under it. See Fleming v. United States Postal Service AMF O'Hare, 27 F.3d 259, 260 (7th Cir.1994). However, Ferguson never offered to return any benefit received under the agreement before initiating her suit nor did she present such an offer in her complaint. As we have noted previously, an "aggrieved employee who voluntarily settle[s] a claim waives his right to bring a subsequent employment discrimination claim based on the same fact situation." Wilmes v. United States Postal Serv., 810 F.2d 130, 132 (7th Cir.1987).
 
 
 8
 In Ferguson's response and supplemental response to the PS's motion for summary judgment, she alleged for the first time that the Harrison Avenue PS facility discriminates against blacks in its hiring and promotion practices. The district court barred this claim because it was beyond the scope of her complaint and she did not first present it to the EEOC. Ferguson now argues that the district court improperly disregarded evidence proving that the PS intentionally discriminated against employees of color. We disagree.
 
 
 9
 "Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC." Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir.1995). To include a discrimination claim in a federal district court complaint not brought before the EEOC, the claim must be "like or reasonably related to the EEOC charges" and one that "reasonably could develop from the EEOC investigation into the original charges." Id. at 148. To be "like or reasonably related" requires that the complaint "at minimum, describe the same conduct and implicate the same individuals." Id. Ferguson fails this test because she never claimed in her EEOC complaint that she had not been hired or promoted due to racial discrimination. She claimed that she had been improperly trained on a Letter Sorting Machine ("LSM"), which led to her failing to pass an LSM proficiency test and subsequently being terminated.
 
 
 10
 Another of the allegations in Ferguson's complaint complained of "continuous harassment of plaintiff by management resulting in plaintiffs ill health." The district court found that Ferguson had not provided any details on this claim. The court surmised that Ferguson might have been referring to new allegations that PS management delayed her release from work to see her union steward and that PS management "sabotaged" her worker's compensation claim. Because she failed to present these allegations to the EEOC prior to initiating suit, summary judgment was granted on this count.
 
 
 11
 Ferguson argues that the court erred in not considering what she concedes are "new allegations" because they "were never brought to the EEOC'[s] attention." She apparently does not understand that for purposes of discrimination claims filed by federal employees, a complaint filed with an agency's EEO office is the equivalent of an EEOC charge. Federal employees must first consult with their agency's EEO counselor to attempt to resolve the matter and then file a complaint with that agency before they can bring a Title VII action in federal district court. 29 CFR §§ 1614.105,--.106. Because the new allegations were not formally filed with the PS's EEO office first, Ferguson cannot raise them in federal court. See Harper, 45 F.3d at 147-48.
 
 
 12
 Ferguson also argues that the district court erred in granting summary judgment before discovery was complete. She alleges that PS had not responded to her request for documents, the receipt of which was necessary for her to take the depositions of PS managers. This contention is meritless. Ferguson had approximately three and a half years after the summary judgment motion was filed, more than enough time, to conduct discovery. If the PS failed to provide her with requested documents, Ferguson should have moved to compel discovery of the requested documentation pursuant to Federal Rule of Civil Procedure 37(a), as she did on April 3, 1996, when she moved to compel the production of the Harrison Avenue facility's affirmative action plan. Her failure to move to compel discovery of the requested materials precludes her from complaining on appeal that summary judgment was prematurely granted. See Zayre Corp. v. S.M. & R. Co., Inc., 882 F.2d 1145, 1149 (7th Cir.1989) ("nonmovant cannot raise lack of discovery as grounds for reversing summary judgment on appeal when he took no action in district court to obtain additional discovery"); see also Davis v. City of Chicago, 841 F.2d 186 (7th Cir.1988) (nonmovant bears sole responsibility for lack of discovery if he fails to take action that would have led to additional discovery time).
 
 
 13
 In addition, we also reject Ferguson's assertion that the record was incomplete because it did not include the PS's depositions of her witnesses. She could have obtained a copy of any deposition transcripts pursuant to Federal Rule of Civil Procedure 30(f)(2), and filed the same with the court.
 
 
 14
 Ferguson next argues that the district court erred in citing the wrong Title VII statute subchapter in its opinion. The first sentence of the court's opinion states, "Ferguson[ ] filed a pro se complaint pursuant to 42 U.S.C. § 2000e-5 against her employer ..." Although section 2000e-16 of Title 42 governs Title VII cases brought by federal employees, her complaint did cite section 2000e-5. In any event, an error in a district court's citation is not a ground for vacating a judgment unless the error affects the substantial rights of the parties. Fed.R.Civ.P. 61. Ferguson has not indicated how the court's alleged miscitation affected her substantial rights.
 
 
 15
 Finally, Ferguson argues that the district court failed to provide her with a full and fair opportunity to present her Title VII claim by refusing her request for oral argument. Local General Rule 12(0) gives the district court discretion in deciding whether to hear oral argument. We review a trial court's decision not to hear oral argument before ruling on a summary judgment motion for an abuse of discretion. Brown Bey V. United States, 720 F.2d 467, 470 (7th Cir.1983). Ferguson has not explained how the district court abused its discretion other than presenting the conclusory remark that the "court had obvious questions." We agree with the district court that "almost every crucial factual assertion was either unsupported or not borne out by the evidentiary materials."
 
 
 16
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)