**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**REGAL–BELOIT CORPORATION,**
Defendant.

No. 06 C 568 S.

United States District Court,
W.D. Wisconsin.

Nov. 21, 2006.

Jeffrey P. Clark, Attorney at Law, Milwaukee, WI, for Defendant.

MEMORANDUM and ORDER

SHABAZ, District Judge.

Plaintiff Equal Opportunity Commission filed the above entitled matter in the United States District Court for the Northern District of Illinois on August 8, 2006. On September 29, 2006 the Court transferred the case to this Court.

On October 17, 2006 defendant moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact, conclu-

sions of law, affidavits and a brief in support thereof. This motion has been fully briefed and is ready for decision.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

■ Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding defendant's motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Equal Employment Opportunity Commission is the federal agency charged with administration and interpretation of Title VII. Defendant Regal–Beloit is a business located in Beloit, Wisconsin.

Defendant hired Edmund C. Meadows, Jr. on approximately March 12, 2003. Meadows was terminated by the defendant on March 31, 2004 and filed a charge with EEOC on June 21, 2004 alleging that the defendant violated Title VII.

Monique Debusmann, the Enforcement Supervisor in the Chicago District EEOC office, supervised the investigation of Meadows' charge. EEOC received defendant's position statement on August 6, 2004. In February 2005 the Enforcement Unit referred the case to the Legal Unit. The case was returned to the Enforcement Unit in May, 2005. On August 30, 2005, the EEOC notified defendant of its finding that there was reasonable cause to believe that discrimination had occurred. On September 16, 2005 the EEOC sent defendant a letter pursuant to 29 C.F.R. § 1601.25 notifying it that "further conciliation efforts would be futile or non-productive."

EEOC's Legal Unit assigned the file to an attorney for review in November 2005. In February 2004 the attorney concluded that it would be appropriate to file suit in this case and sought litigation approval. The memo seeking litigation approval was submitted to the Office of the General Counsel in May 2006. Litigation approval was granted on June 16, 2006.

EEOC filed this lawsuit on August 8, 2006 alleging that defendant had terminated Meadows in retaliation for his cooperation in its investigation of a then subsidiary of the defendant, Foote–Jones/Illinois Gear. Defendant had sold the assets of Foote–Jones/Illinois Gear to a competitor in May 2005.

Scott Schneier who terminated Meadows is still employed by defendant as a vice president. Four former Regal–Beloit employees who may be witnesses in this case no longer work for the defendant.

## MEMORANDUM

■ . Title VII does not contain an express limitation on the time within which the Commission may bring an enforcement

946

suit. The Commission, however, may be barred by laches from filing a suit if it has delayed inexcusably and the defendant was materially prejudiced by its delay. *Occidental Life Insurance Company of California v. EEOC,* 432 U.S. 355, 373, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Prejudice to the defendant is shown by some material change in the circumstances. *Lingenfelter v. Keystone Consolidated Industries, Inc.,* 691 F.2d 339, 340 (7th Cir.1982.)

In *Equal Emp. etc. v. Massey–Ferquson, Inc.,* 622 F.2d 271, 277–278 (7th Cir. 1980), the Court found that the Commission's filing of suit four years and nine months after the charges were filed was unreasonable delay. Delays of between four years, five months and nine years, three months have been held to be unreasonable as a matter of law. *See EEOC v. CW Transport,* 658 F.Supp. 1278, 1288 fn. 6, 1290 (W.D.Wis.1987).

 In this case, time from the filing of the charges, June 21, 2004 until the filing by the Commission of this suit, August 8, 2006 was two years and two months. This delay was caused by the process from September 21, 2005 to August 8, 2006 to determine whether to file suit and obtain approval for the suit. The Court cannot find as a matter of law that this delay was unreasonable or inexcusable.

Had the Court found that the delay was unreasonable defendant would have to show that it was materially prejudiced by the delay. Defendant argues that it was prejudiced because some of its witnesses are unavailable. The decision maker, however, is an employee of the defendant and is available.

Defendant also argues that it is prejudiced because back pay has been expanded by the delay in filing the case. Defendant claims it has been exposed to additional back pay for nearly an entire year. It has not, however shown that payment of this

back pay would constitute an undue burden.

In conclusion the Court finds that plaintiff's delay in filing this action was not unreasonable. Further, had it been unreasonable defendant has not been materially prejudiced. Accordingly, defendant's motion for summary judgment on the basis of laches will be denied.

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is DENIED.