Sanford Norman HARRIS, Plaintiff,

v.

John T. BEYNON, et al., Defendants.

No. 83C1950.

United States District Court,
N.D. Illinois, E.D.

Sept. 14, 1983.

Edmund G. Urban, Oak Forest, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen. of Illinois, Mary A. Mulhern, Asst. Atty. Gen., Chicago, Ill., Paul E. Gaziano, Rockford, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Sanford Norman Harris ("Harris") has filed a pro se Complaint asserting claims under 42 U.S.C. § 1983 ("Section 1983") against seven defendants, including Harris' court-appointed public defenders John T. Beynon ("Beynon") and Leonard C. Remencius ("Remencius"), former Stateville Correctional Center Warden George Stampar ("Stampar") and Menard State Prison psychiatrist Frank Perez ("Perez").[1] Those four defendants seek dismissal of the claims against them:

1. Beynon and Remencius invoke Fed. R.Civ.P. ("Rule") 12(b)(6), asserting Harris' failure to state a claim upon which relief can be granted, because they are not state actors as Section 1983 requires. Harris' appointed counsel has responded by asking leave to amend the complaint to charge common-law negligence as a claim "ancillary" to Harris' other Section 1983 claims.[2]

2. Stampar's and Perez' original motion to dismiss Harris' claims against them as time-barred was denied by this Court's July 18, 1983 memorandum opinion and order (the "Order"). Stampar and Perez now renew their motion on a laches theory—but again without advancing any facts in support of their motion.

Each motion poses little difficulty, albeit for very different reasons.

### Beynon and Remencius

Every item Harris complains about in Beynon's and Remencius' conduct was an action carried out as Harris' court-appointed public defender. All those actions were taken in their traditional role as counsel exercising independent professional judgment. And *Polk County v. Dodson,* 454 U.S. 312, 324–25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) teaches as a matter of law such conduct is not "under color of

---

1. Because at least some of Harris' claims appear sufficient to call for appointment of counsel, this Court has appointed Edmund G. Urban, Esq. of this District Court's federal trial bar as Harris' pro bono counsel.

2. That response implicitly concedes the Beynon-Remencius Rule 12(b)(6) argument, but this opinion will deal with it briefly.

[state] law," the essential ingredient for Section 1983 cognizance.

■ That fact is dispositive of Harris' claims against Beynon and Remencius as now asserted. But Harris' counsel now asks to convert those claims to garden-variety negligence causes of action, assertedly as "ancillary" to Section 1983 claims *against other defendants.*

There may well be no room at all for such pendent-party jurisdiction in this Circuit under any circumstances, see *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005, 1007–09 (7th Cir.1982); *Johnson v. Miller,* 680 F.2d 39, 41 (7th Cir.1982). And if any such jurisdiction *could* exist in the face of our Court of Appeals' strong statements, this is not the case for it. Harris cannot engraft his separate state-law-based claims against his lawyers onto his really unrelated federal claims against state officials.

### *Stampar and Perez*

■ Laches is an affirmative defense (see Rule 8(c)),[3] as to which Stampar and Perez bear the burden of showing (1) Harris' lack of diligence in asserting his claim and (2) resulting prejudice suffered by Stampar and Perez.[4] *Cannon v. University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 359 (7th Cir.1983). "Lack of diligence" turns on whether the delay in filing suit was both unreasonable and inexcusable. *Id.; Lingenfelter v. Keystone Consolidated Industries, Inc.,* 691 F.2d 339, 341 (7th Cir.1982). Prejudice is a function of the changing conditions and relationships occasioned by the delay. *Lingenfelter,* 691 F.2d at 340.

■ Here Harris complains of actions taken by Stampar and Perez in 1966 and 1967 during the course of Harris' confinement. That means a 16-year delay by Harris in seeking to redress the alleged wrongdoing by Stampar and Perez. Harris argues by analogy the same statutory provision that tolls the running of limitations (see Order at 1) should be applied to "toll" the applicability of laches. Harris does not identify any other circumstance that prevented the earlier filing of this lawsuit.

Harris' argument seems thin at best. But the issue need not be decided now, for given the poverty of the Stampar-Perez position on the second factor—prejudice—it may be assumed arguendo Harris' delay was both unreasonable and inexcusably so.

All Stampar and Perez do is to advance the bald assertion such delay has prejudiced their ability to present a defense (Mem. 3):

> Plaintiff's inordinate delay in the instant case will undoubtedly impair the accuracy of the fact-finding process since these defendants will have to search for documents that may no longer exist and witnesses no longer accessible and attempt to recall an isolated event that occurred nearly a generation ago.

If true in fact, those factors could establish the requisite prejudice as the second component of a laches defense. *See EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199, 1203–04 (11th Cir.1982); *Lingenfelter,* 691 F.2d at 342. But those cases involved *showings* of prejudice, not unsupported rhetoric. At this stage Harris' Complaint is unopposed, and this Court has neither facts nor judicial notice to support the Stampar-Perez contention as a matter of law.[5]

---

**3.** Harris seeks both damages and injunctive relief. Laches is an appropriate defense to legal claims as well as equitable claims. *Briggs v. Wix Corp.,* 308 F.Supp. 162, 169 (N.D.Ill.1969).

**4.** Apparently the Attorney General's office does not trouble to analyze such matters before firing off a motion to dismiss—an attack on the sufficiency of a *pleading.* Instead that office seeks to turn the burden on its head (R.Mem. 3) (emphasis added):

> *Plaintiff* has failed to make an adequate showing that his delay in filing this lawsuit

was reasonable and excusable and has visited no prejudice upon these defendants.

Some thought on the subject before asserting a legally frivolous motion would have spared everyone—Harris' appointed counsel, this Court, even the Assistant Attorney General—both time and trouble in dealing with such a motion that could not win.

**5.** This Court is well aware (though defendants have not cited this or any other authority in their support) that in the patent context our Court of Appeals has said "a patentee who unreasonably delays asserting his rights carries

*Conclusion*

Beynon and Remencius are dismissed as defendants. Harris' motion to amend his Complaint to assert non-federal claims against them is denied. Stampar's and Perez' motion to dismiss the Complaint on laches grounds is denied. They are ordered to answer the Complaint on or before September 26, 1983.

the burden to prove his excuse for such delay." *Baker Mfg. Co. v. Whitewater Mfg. Co.,* 430 F.2d 1008, 1011 (7th Cir.1970), *cert. denied,* 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971). But even in the patent area the issue is a complex one, *see Naxon Telesign Corp. v. Bunker Ramo Corp.,* 686 F.2d 1258, 1262–67 (7th Cir.1982), and our Court of Appeals in

*Lingenfelter,* 691 F.2d at 340 withheld resolution of that issue in a different area. This Court is disinclined to extend the patent-law concept to a pro se prisoner case—especially where it should be so easy for defendants to adduce proof of actual prejudice if it has occurred.