Russell A. TORRES and Ida Claudio,
Plaintiffs, Appellees,

v.

**PUERTO RICO TOURISM COMPANY,**
Defendant, Appellant.

No. 98–1908.

United States Court of Appeals,
First Circuit.

Heard March 2, 1999.

Decided April 6, 1999.

Jose R. Perez–Hernandez for appellant.

Erick Morales for appellees.

Before SELYA, Circuit Judge, COFFIN and CYR, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

This lawsuit involves claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and several Puerto Rico statutes. The defendant-appellant, the Puerto Rico Tourism Company ("the Tourism Company"), claims that the district court erred in refusing to dismiss the case in light of the Eleventh Amendment, which protects states from suit in federal court. We conclude that, in the face of an explicit statutory provision abrogating Eleventh Amendment immunity in ADA cases and the absence of a meaningful challenge to the validity of that abrogation, the court's judgment on the ADA claim should be affirmed. We remand, however, for the district court to consider whether the pendent Puerto Rico claims benefit from a similar abrogation of Eleventh Amendment immunity. If not, those claims must be dismissed.

## I. *Discussion*

The facts underlying plaintiffs' claims play no role in this appeal, and we therefore note only in passing that the case concerns an employee's contention that he suffered injury from exposure to secondhand cigarette smoke while working for the Tourism Company as a casino inspector. Our disposition instead involves procedural aspects of the case, particularly defendant's failure to address in a timely or meaningful manner the express abrogation of the Eleventh Amendment contained in the ADA.[1] We begin by relating in some detail the travel of the case in the district court, pause for a review of Eleventh Amendment principles, and then pick up the proceedings on appeal.

### A. *The Litigation Starts.*

Plaintiffs filed their complaint in August 1995 and an answer was filed in October of the same year. No reference was made in either document to the Eleventh Amendment, the ADA's express abrogation provision, or the power of Congress to abrogate a state's immunity. The only arguably relevant reference was the inclusion, in a list of ten "affirmative defenses," of an item reading "Lacks [sic] of subject matter jurisdiction."

About two years after the time period for filing dispositive motions had passed, and apparently as a result of a change of counsel, defendant in May 1998 filed a motion for summary judgment asserting, *inter alia,* that the complaint was barred by the Eleventh Amendment, which prohibits suit by private parties against a state in federal court, without that state's consent.[2] The motion focused on the Tourism Company's status as an "instrumentality" of the state and its consequent entitlement to Eleventh Amendment protection.

Plaintiffs responded by arguing that the motion should be denied as late. The dis-

1. The ADA provides:
   A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter.
   42 U.S.C. § 12202.

2. The Eleventh Amendment states:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
   This provision not only prohibits suits against states in federal court by citizens of other states, but also prohibits suits brought by a state's own citizens. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

trict court agreed and issued the following order:

This motion is ordered stricken from the record as untimely and because it constitutes a violation of the Court's case management orders. Any further attempts to file untimely dispositive motions will be subject to sanctions.

The Tourism Company sought reconsideration, repeating its earlier Eleventh Amendment argument, and, in a response that was styled as a motion for sanctions, the plaintiffs argued that the Eleventh Amendment immunity was patently inapplicable based on the statutory definition of employer in the ADA, which excluded the United States but not state governments. The district court denied the defendant's request for reconsideration without comment, and denied the motion for sanctions without prejudice to renew once any appeal is decided.

### B. *Eleventh Amendment Basics.*

█ At this juncture, some basic tenets of Eleventh Amendment jurisprudence need to be articulated to give context to the proceedings in both the district court and on appeal. First, it is well established that the principles of the Eleventh Amendment are fully applicable to the Commonwealth of Puerto Rico. *See In re San Juan Dupont Plaza Hotel Fire Litigation,* 888 F.2d 940, 942 (1st Cir.1989). The Eleventh Amendment immunity extends to any entity that is an "arm of the state," *id.,* and this court has ruled that the Tourism Company falls within that category, *see id.* at 943. Our starting place, therefore, is that—as the Tourism Company argued in its summary judgment motion—the Eleventh Amendment would bar a suit by a private individual against the Tourism

Company, unless the Tourism Company agreed to be sued. *See id.* at 942; *see also Edelman v. Jordan,* 415 U.S. 651, 671–73, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Neither party has argued that consent has been given in this case.

█ Congress, however, has the power to abrogate the Eleventh Amendment's immunity if two conditions are met. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996). First, there must be a "clear legislative statement" of Congress's intent to do so. *Id.* Second, its attempt to abrogate must have been done under proper constitutional authority, which only has been held to exist under § 5 of the Fourteenth Amendment. *Id.* at 1124–28.[3] *See City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 2162–72, 138 L.Ed.2d 624 (1997) (clarifying Congress's enforcement powers under the Fourteenth Amendment); *Katzenbach v. Morgan,* 384 U.S. 641, 649–51, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966) (describing test for determining whether a statute is "appropriate legislation" to enforce the Equal Protection Clause).

The first half of the *Seminole Tribe* test is easy to apply in the ADA context. As we have noted, *see supra* at note 1, the statute unquestionably includes a clear statement of intent. The second prong— Congress's power to abrogate—is the subject of some debate, although all but one of the circuits that have decided the issue have concluded that the ADA was properly enacted under Congress's Fourteenth Amendment enforcement powers. *Compare Kimel v. Florida Bd. of Regents,* 139 F.3d 1426, 1428 n. 1, 1433 (11th Cir.1998); *Coolbaugh v. Louisiana,* 136 F.3d 430, 438 (5th Cir.1998); *Clark v. California,* 123

---

**3.** The enforcement provision of the Fourteenth Amendment provides:

Section 5. The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

Among the provisions in Section 1 to which Section 5 applies is the following:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

F.3d 1267, 1269–70 (9th Cir.1997); *Crawford v. Indiana Dept. of Corrections*, 115 F.3d 481, 487 (7th Cir.1997) *with Brown v. North Carolina Div. of Motor Vehicles*, 166 F.3d 698 (4th Cir.1999).

Several district courts also have reached the contrary conclusion, however, *see, e.g., Garrett v. Board of Trustees*, 989 F.Supp. 1409, 1410 (N.D.Ala.1998); *Nihiser v. Ohio E.P.A.*, 979 F.Supp. 1168, 1176 (S.D.Ohio 1997), and the uncertainty on this issue is reflected in several other ways: the panels in *Kimel, Coolbaugh* and *Brown* were split, and an *en banc* rehearing in an Eighth Circuit case ended with an evenly divided vote of the court, *see Autio v. AFSCME, Local 3139*, 157 F.3d 1141 (8th Cir.1998) (*on rehearing of* 140 F.3d 802 (8th Cir.1998)).[4] Finally, the Supreme Court has granted *certiorari* in *Kimel. See* —— U.S. ——, ——, 119 S.Ct. 901, 902, 142 L.Ed.2d 901, —— (1999).

■ Also of relevance here is that the traditional waiver rules do not always apply in Eleventh Amendment cases. Because the Amendment deprives federal courts of jurisdiction to entertain claims against states, the immunity may be raised at any point in a proceeding, including for the first time on appeal. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 8, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Tourism Company did not make reference to the Eleventh Amendment as a defense in its answer to the complaint, and raised the issue beyond the time period allotted for dispositive motions. Because of the Amendment's jurisdictional reach, however, it trumped ordinary procedural requirements. When the immunity was raised in the summary judgment motion, the district court should have addressed it. Instead, it rejected the defense on timeliness grounds.

Failure to raise the Eleventh Amendment at the outset of the case was not, however, the Tourism Company's only default. Despite the explicit statement of abrogation in the ADA and the percolating caselaw on Congress's authority to abrogate, *neither* party made reference to the abrogation provision in the district court. As noted *supra*, the plaintiffs argued in their motion for sanctions that Eleventh Amendment immunity was inapplicable based solely on the statute's definition of employer. The neglect continued on appeal.

## C. The appellate proceedings.

■ In its opening brief to this court, appellant Tourism Company recognized that Congress has the power to abrogate the Eleventh Amendment immunity, but incorrectly stated that "[t]here is no constitutional or statutory precept pertaining to a waiver of the Eleventh Amendment immunity in cases pertaining to the ADA." In a footnote, the Tourism Company asserted that "[t]he courts that have considered whether the Americans with Disabilities Act of 1990 may contain an *implicit* abrogation of the Eleventh Amendment immunity have disfavored the contention." (Emphasis added.) There was no acknowledgment that the ADA contained an *explicit* abrogation provision and, obviously, no discussion of whether Congress had the power to enact it.[5]

The provision was finally noted in the plaintiffs-appellees' six-page brief, where it was offered as a conclusive answer to the

---

**4.** That split resulted in affirmance of the district court's opinion, which, like the original panel decision, had found the ADA's abrogation provision to be proper.

**5.** In a footnote, the brief did cite two cases in support of its statement that courts had considered the existence of an implicit waiver; one of the citations included the following parenthetical: "Congress cannot stretch section 5 and the Equal Protection Clause of the Fourteenth Amendment to force a state to provide allegedly equal treatment by guaranteeing special treatment or 'accommodation' for disabled persons...." While this statement and the two cited cases address Congress's authority to enact the ADA's explicit abrogation provision, they were not recognized as such by the defendant.

defendant's belated assertion that the Eleventh Amendment required the lawsuit to be dismissed. In short, up to this time, the Eleventh Amendment theme had developed two threads: first, the defendant's theory that the Amendment operates to bar suits against states and their instrumentalities, including the Tourism Company, and, second, the plaintiffs' theory that the ADA contains an explicit abrogation of the immunity, permitting the suit to go forward against the Tourism Company.

In its reply brief, for the first time in the case, the Tourism Company made direct reference to caselaw addressing whether Congress had the authority to enact the abrogation provision in the ADA. The "discussion," however, consumed roughly one page and the three district court cases on point that were cited all supported defendant's assertion that "[a]lready courts have held that Congress has no authority to create a special protection for disabled individuals under ADA through the Fourteenth Amendment." There was no reference to the nearly uniform line of circuit cases upholding the provision, no discussion of the differing views of the divided courts, and no consideration of the recent Supreme Court decision clarifying Congress's Fourteenth Amendment enforcement powers, *City of Boerne*, 117 S.Ct. at 2162–72. At oral argument, counsel did finally acknowledge that the weight of authority was against his client.

In sum, the Tourism Company did not mention the abrogation provision until its reply brief, and at no time did it provide developed analysis of Congress's authority to abrogate. We are therefore presented not with the issue of whether the Tourism Company waived its Eleventh Amendment immunity, but rather of whether it waived its argument that the ADA's abrogation provision exceeded Congress's powers. Although the Eleventh Amendment defense itself cannot be waived, we decline in the circumstances of this case to extend this exception from ordinary waiver rules to reach arguments that Congress lacked Fourteenth Amendment authority to abrogate the immunity. We believe that, when comprehensive civil rights legislation includes an explicit waiver and dominant precedent almost uniformly upholds Congress's power to do so, the failure to challenge that authority may be deemed consent to federal jurisdiction. While a state's later effort to withdraw consent might in some circumstances prove compelling, we are particularly unwilling to indulge eleventh-hour maneuvering when this previously forsaken argument is raised without meaningful argumentation.[6]

In sum, because the issue of the constitutionality of the ADA's statutory abrogation was raised belatedly and inadequately, we hold that it was doubly waived. *See Nichols v. Cadle Co.*, 139 F.3d 59, 64 (1st Cir.1998) ("[T]he ... objection .... has been waived twice over, first by omitting to call it to the attention of the district judge ... and then by failing to include the point in the ... opening brief in this court."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to

---

6. Our decision to bypass the authority issue is in harmony with the Supreme Court's decision in *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 1956, 141 L.Ed.2d 215 (1998), where the Court declined to consider whether Congress could constitutionally apply the ADA to state prisons in light of plaintiffs' failure to raise the issue below. In *Yeskey*, the issue decided was whether the ADA covers inmates in state prisons. The Court ruled that it did, allowing suit to proceed against the Pennsylvania Department of Corrections and several department officials. The defendants apparently did not, however, directly challenge Congress's authority to abrogate the Eleventh Amendment for purposes of the ADA, but rather posed a more particular constitutional challenge to Congress's application of the ADA to state prisons. *See Yeskey v. Pennsylvania Dept. of Corrections*, 118 F.3d 168, 172–73 (3rd Cir. 1997) (noting the abrogation provision without any indication that it had been challenged as beyond Congress's power).

**6**

do counsel's work....").[7]

### D. *Pendent Commonwealth Claims.*

 Neither party discusses in its briefs the relationship between the Eleventh Amendment and the pendent Puerto Rico claims. In *Pennhurst*, 465 U.S. at 121, the Supreme Court stated that "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." The Court explicitly held that this principle applied to pendent state-law claims.

As noted earlier, the Tourism Company's invocation of the Eleventh Amendment immunity in its motion for summary judgment should not have been rejected.as untimely by the district court. Although we have held that the ADA's explicit abrogation provision negates that immunity *for the ADA claim*, that provision does not cover the Commonwealth claims. Unless plaintiffs are able to demonstrate abrogation of the immunity for those claims, the claims must be dismissed without prejudice on Eleventh Amendment grounds. That issue is best left to the district court in the first instance, and, indeed, we leave to its determination as well whether plaintiffs have waived any abrogation argument as to those claims.

### II. *Conclusion*

The district court erroneously rejected the Tourism Company's defense that the Eleventh Amendment barred plaintiffs' suit on the ground that the argument was asserted too late. Nonetheless, the court's judgment that the ADA claim may proceed is sustainable, as the Company failed in a timely or adequate way to challenge the explicit statutory provision abrogating the Eleventh Amendment immunity. No attention was given, however, to the plaintiffs' Puerto Rico claims, which may not proceed unless an equivalent abrogation

provision exists or the Commonwealth consents to suit on those claims. The Puerto Rico claims therefore must be remanded for either dismissal or action establishing their viability.

For the foregoing reasons, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

*Affirmed in part, vacated and remanded in part. Each party to bear its own costs. Plaintiffs' motion requesting damages and costs is denied.*

---

7. In any event, we have considered the issue of Congress's authority sufficiently to conclude that, were we to confront the question

head-on, we almost certainly would join the majority of courts upholding the provision.