Binion v. NH Dept. Corrections     CV-00-501-M   03/20/01

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John D. Binion

   v.                                      Civil No. 00-501-M
                                        Opinion No. 2001 DNH 056
New Hampshire Department of
Corrections, et al.

## REPORT AND RECOMMENDATION

Before the court is pro se plaintiff John D. Binion, who has filed suit against the New Hampshire Department of Corrections ("DOC"), the New Hampshire State Prison ("Prison"), and Corrections Officer T. Hillsgrove pursuant to 42 U.S.C. § 1983. Binion seeks monetary damages for alleged violations of his Eighth and Fourteenth Amendment rights caused by verbal harassment he suffered while incarcerated at the Prison. As Binion is proceeding both pro se and in forma pauperis, the matter is currently before me for preliminary review. See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(2). For the reasons stated herein, I recommend that the complaint be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

In reviewing a pro se complaint, the court is obliged to construe the pleading liberally. See Ayala Serrano v. Lebron

Gonzales, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v.
Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings
liberally in favor of that party).  At this preliminary stage of
review, all factual assertions made by the plaintiff and
inferences reasonably drawn therefrom must be accepted as true.
See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the
"failure to state a claim" standard of review and explaining that
all "well-pleaded factual averments," not bald assertions, must
be accepted as true).  This review ensures that pro se pleadings
are given fair and meaningful consideration. See Eveland v.
Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).  Dismissal
of pro se, in forma pauperis complaints is appropriate if they
are frivolous or malicious, fail to state a claim on which relief
may be granted, or seek monetary relief against a defendant who
is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),
(ii) & (iii).

Background

On or about February 14, 2000, John Binion was falsely
accused by C. O. Hillsgrove of calling Hillsgrove a name.
Hillsgrove, while transporting Binion to a Sargeant's office to
deal with this episode, said to Binion, "If I had my way, there

would be a tree outside."  Binion, who is African-American, understood this to be a reference to the practice of lynching and asked Hillsgrove to repeat what he had said.  Hillsgrove responded, "All monkeys should be in cages."  Binion filed a grievance with prison authorities, specifically Lt. R. L. Cassel[1], but no action was taken by the prison administration. Binion also states that while housed in the prison's protective custody unit, he was repeatedly passed over for a tier worker's job, and that he was advised by an unnamed corrections officer that this was because, if hired, Binion would only be fired by Hillsgrove, presumably on the basis of race.[2]

At another time during his incarceration, Binion complains that when C. O. Washburn was required to obtain a bed for Binion, who was being housed in a dayroom, he made a comment to Binion along the lines of "You people think you're so special. Fucking blacks."[3]

[1]Lt. Cassel is not named as a defendant in this suit. However, since Binion complains of the prison's inaction, I will treat the complaint as though it had named Cassel as a defendant.

[2]Binion has not included job discrimination in his claims here, but I will generously construe his complaint and read it to include this claim.

[3]C.O. Washburn is not named as a defendant in this suit, but since Binion's chief complaint is his subjection to verbal

3

Binion's complaint alleges that the defendants either verbally harassed him because of his race, denied him a tier worker's job due to his race, or allowed such conduct to occur unchecked.  Binion's § 1983 claim arises under either the Fourteenth Amendment's protection of substantive due process rights or the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Shabazz v. Cole</u>, 69 F. Supp 2d. 177, 199 (D.Mass. 1999).

A.  <u>Verbal Abuse</u>

Under the Eighth Amendment, prison officials "have a duty to provide humane conditions of confinement . . . and must take reasonable measures to guarantee the safety of prison inmates." <u>Giroux v. Somerset County</u>, 178 F.3d 28, 31 (1st Cir. 1999).  In order to state a claim under the Eighth Amendment, the deprivation "must be objectively serious, i.e., the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> at 32 (internal quotations omitted).  Additionally, the defendant "must have had a sufficiently culpable state of mind." <u>Id.</u>  Binion's suit fails

harassment that is racial in nature, I will treat the complaint as though it had named Washburn as a defendant.

4

under the first objective prong of the analysis.

"[E]motional damage by verbal harassment does not amount to infringement of a constitutional right, and thus is not actionable under § 1983." Shabazz v. Cole, 69 F. Supp 2d. at 199. Other courts have uniformly found that "acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment." Id.; see also Williams v. Brenner, 180 F.3d 699, 705-06 (5th Cir. 1999); Barney v. Pulsipher, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998); Freeman v. Arpaio, 125 F.3d 732, 738 (9th cir. 1997); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)(verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws); Burton v. Livingston, 791 F.2d 97, 101 n.1 (8th Cir. 1986); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right" under § 1983); Partee v. Cook County Sheriff's Office, 863 F. Supp. 778, 781 (N.D.Ill. 1994)("[v]erbal insults or threats generally do not rise to the level of a constitutional violation" except

5

where they involve "a wanton act of cruelty such that the inmate is in fear of instant and unexpected death at the whim of his bigoted custodians"). Without more, racial slurs do not deprive prisoners of the minimal civilized measure of life's necessities, and thus do not constitute an Eighth Amendment violation. Shabazz v. Pico, 995 F. Supp. at 475.

Binion's claim fares no better under the substantive component of the Fourteenth Amendment's due process guarantee. "The Supreme Court has enunciated two alternative tests by which substantive due process is examined." Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879 (1991). The first theory involves "conscience shocking" behavior. Id. Under the second theory, the "plaintiff must demonstrate a violation of an identified liberty or property interest protected by the due process clause." Id.

Although the First Circuit "has not foreclosed the possibility that words or verbal harassment may constitute 'conscious shocking' behavior in violation of substantive due process rights, . . . caselaw indicates that the threshold for alleging such a claim is high." Brown v. Hot, Sexy and Safer Productions, 68 F.3d 525, 532 (1st Cir. 1995), cert. denied, 516

6

U.S. 1159 (1996); see also Shabazz v. Cole, 69 F. Supp 2d. at 200 (collecting cases). "[C]onduct which is offensive to even hardened sensibilities outside a prison may not be as shocking inside a prison." Id. at 200 (internal quotations omitted). Therefore, without more, Binion's verbal abuse, although racial in nature, falls short of "conscience shocking" conduct that violates the Fourteenth Amendment.

As to the second theory of liability under the substantive due process guarantee, "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." Pittsley, 927 F.2d at 7; see, e.g., Patton v. Przybylski, 822 F.2d 697, 799 (7th Cir. 1987)(racially derogatory remarks by arresting officer to arrestee did not violate due process as neither defamation nor derogatory racial epithet is a deprivation of liberty under the Due Process Clause). Binion has not alleged any deprivation of a constitutionally recognized liberty or property interest.

"[T]he weight of authority is that verbal threats, even abusive threats with racial epithets, do not, in the context of prison, violate an inmate's constitutional rights" no matter how

7

reprehensible and unprofessional. <u>Shabazz v. Cole</u>, 69 F. Supp 2d. at 201. Therefore, under § 1983, none of Binion's allegations of verbal abuse state a claim upon which relief may be granted and I recommend the claims be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

B. <u>Denial of Tier Worker's Job</u>

Binion alleges that he was not given a tier worker's job because even if hired, C.O. Hillsgrove would have fired him. To the extent that Binion raises a due process claim under § 1983, "it is clear that unless state laws or regulations are to the contrary, prisoners have no vested property or liberty rights to either obtain or maintain prison jobs." <u>Dupont v. Saunders</u>, 800 F.2d 8, 10 (1st Cir. 1986). Binion therefore lacks any federal due process claim with respect to not being given a prison job and I recommend this claim be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

C. <u>Choice of Defendants</u>

Binion has sued the Prison, the DOC and Corrections Officers Hillsgrove, Washburn and Cassell. He has not stated whether he intends to sue the corrections officers in their individual or official capacity so, liberally construing the complaint, I will

8

assume he intended to sue the officers in both their individual and official capacities.

### 1. Individual Capacity Suits

42 U.S.C. § 1983 foresees suits against state actors depriving citizens of their constitutional rights in their individual capacities.[4]  Because I have found, however, that Bunion has not alleged a constitutional violation, I recommend that the corrections officers be dismissed as defendants in their individual capacities as no claim has been stated against them.

### 2. DOC and Official Capacity Suits

It is well-settled that the Eleventh Amendment bars suits against state entities and state agents working in their official capacities unless the state has expressly waived immunity, which has not been done by New Hampshire for actions brought pursuant to 42 U.S.C. § 1983. See Puerto Rico Aqueduct and Sewer Authority

---

[4]The statute provides in relevant part:

> Every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to that party injured in any action at law, . . .

42 U.S.C. § 1983 (Supp. 1997).

v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)(Eleventh Amendment bars all suits in federal court against states or their agencies); Will v. Michigan Dept. of State Police, 492 U.S. 58, 71 (1989)(holding that § 1983 does not override the Eleventh Amendment and that the state is not a person within the meaning of § 1983). Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which [the] officer is an agent." Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978); see also Will, 491 U.S. at 71.

Because the DOC is an agent of the State of New Hampshire, I find that it is immune from suit. As the DOC cannot be held to answer for this suit, and the corrections officers are likewise immune from suit in their official capacities, I recommend that the corrections officers and the DOC be dismissed from this lawsuit. See 28 U.S.C. § 1915(e)(2)(B)(iii).

2. Supervisory Liability

Binion has named the Prison as a defendant in his suit. I will assume that he intended to name the Prison's administrators as defendants in their supervisory role as he lists no particular offense against the administration except allowing the verbal

10

harassment of corrections officers to go unaddressed.
"Supervisory liability under § 1983 cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). A supervisor must be "either a primary actor involved in, or a prime mover behind, the underlying violation." Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1999). There must be "an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization. Id. at 44. Here, even if the verbal harassment did rise to a level of unconstitutionality, there is no indication in the complaint that anyone in any supervisory position at the Prison was either a primary actor in or a primary force behind the verbal harassment. The failure to address the verbal harassment after the fact cannot be said to have been a primary factor in the occurrence of the harassment itself. Therefore, I recommend that the Prison be dismissed as a defendant in this action.

<u>Conclusion</u>

Having found that Binion has failed to state a claim under § 1983 upon which relief may be granted, and failed to name a

11

defendant who is amenable to suit, I recommend that this action be dismissed in its entirety.  See U.S.C. § 1915(e)(2)(B)(ii) & (iii).  If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     March 20, 2001

cc:       John D. Binion, pro se