20-1554-cv
Jordan v. New York City Board of Elections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

VICTOR JORDAN,

> *Plaintiff-Appellant*,

> v.                                                          **20-1554-cv**

NEW YORK CITY BOARD OF ELECTIONS,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | VICTOR JORDAN, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE:** | JANET L. ZALEON (Jeremy W. Shweder, on the brief), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** and the motion to stay is **DENIED** as moot.

Appellant Victor Jordan, proceeding *pro se*, appeals the district court's denial of a preliminary injunction seeking to place his name on the ballot in the June 23, 2020, New York State Senate primary election. Jordan sued the New York City Board of Elections ("Board"), claiming that it violated his First and Fourteenth Amendment rights by misleading him about the deadline for submitting a petition to appear on the ballot and later refusing to include his name on the ballot because his petitions were filed late. As relevant here, New York enacted Senate Bill 8058 on March 18, 2020, which changed the last day to file petitions from April 2, 2020, to March 20, 2020.[1] Jordan filed his petitions on March 26, 2020. On appeal, Jordan seeks to reverse the district court's denial of the preliminary injunction and also moves to stay that denial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a preliminary injunction for abuse of discretion. *Ragbir v. Homan*, 923 F.3d 53, 62 (2d Cir. 2019). A party seeking a preliminary injunction against certain governmental action must demonstrate (1) that it is likely to suffer irreparable harm absent an injunction and (2) a likelihood of succeeding on the merits. *Trump v. Deutsche Bank AG*, 943

[1] *See Senate Bill S8058: Actions*, https://www.nysenate.gov/legislation/bills/2019/s8058 (last visited May 30, 2020).

F.3d 627, 635–37 (2d Cir.), *cert. granted*, 140 S. Ct. 660 (2019).[2]  Where the injunction seeks to "alter rather than maintain the status quo," the movant bears a heightened burden of showing a "clear or substantial likelihood of success," *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (internal quotation marks omitted), or that "extreme or very serious damage will result from a denial of preliminary relief," *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).

We affirm the district court's denial of a preliminary injunction because Jordan has failed to show that he is likely to succeed on the merits of his claims.  As an initial matter, we note that several of Jordan's factual allegations appear to have been raised for the first time on appeal.  But even assuming as true all of the allegations raised in his complaint and in his filings here, Jordan has failed to state a claim under the First or Fourteenth Amendments.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must plead "enough facts to state a claim to relief that is plausible on its face"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, Jordan failed to state a retaliation claim under the First Amendment.  To state such a claim, "a plaintiff must show that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by the plaintiff's exercise of that right;

---

[2] We have previously stated that a party may meet the preliminary injunction standard by showing *either* a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief."  *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).  We have explained, however, that, when a party seeks to enjoin certain governmental actions, it must meet the "more rigorous" likelihood-of-success standard.  *See Deutsche Bank*, 943 F.3d at 637–40.  In any event, Jordan argues that his claims meet the likelihood-of-success standard and has waived any argument that the sufficiently-serious-questions standard should instead apply to his case.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*[.]").

and (3) the defendant's actions caused the plaintiff some injury." *Ragbir*, 923 F.3d at 66 (internal quotation marks and alterations omitted). Jordan has failed to allege that the actions by the Board staff—in particular, informing him on March 18 that the filing period began March 30—were motivated by a desire to retaliate against Jordan for a lawsuit he filed against the Board and several officials in 2018.[3] Instead, he speculates that they must have known about his lawsuit and purposely misled him about the filing dates. Such speculation is insufficient to state a retaliation claim. *See Iqbal*, 556 U.S. at 678 (holding that a complaint is insufficient if it contains only "labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action[, or] . . . naked assertions devoid of further factual enhancement" (internal quotation marks and alteration omitted)).

Even if Jordan had alleged sufficient facts to support an inference that the Board's agents acted with retaliatory motivation, the Board would likely succeed on a dual-motivation defense— "*i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred." *Scott v. Coughlin*, 344 F.3d 282, 287–88 (2d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). To succeed on this defense, the defendant bears the burden of showing that "it would have taken exactly the same action absent the improper motive." *Id.* at 288. The Board explains that the law changing the filing deadline was not enacted until March 18 and that it did not learn of the change until after the close of business that night. Thus, it is implausible that Board staff deliberately misinformed Jordan that the deadline

---

[3] In that lawsuit, which remains pending, Jordan claims that the Board and several officials participated in a ballot-stuffing scheme during the September 2018 primary election. *See* Am. Compl., *Jordan v. Pierre*, No. 18-cv-8528 (S.D.N.Y. Oct. 19, 2018), ECF No.14.

4

was unchanged because, at the times when Jordan asked (that is, when he visited the Board offices on March 16 and 18), it had not yet been changed.

Second, Jordan has failed to state a substantive due process claim under the Fourteenth Amendment. "In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Charles v. Orange Cty.*, 925 F.3d 73, 85 (2d Cir. 2019) (internal quotation marks omitted).

Jordan's substantive due process claim fails for the same reason his retaliation claim fails— he fails to allege any specific facts supporting his conclusory assertions that the Board's actions were outrageous and conscience-shocking. As discussed above, he has alleged no facts to support his conclusion that the Board's staff had any improper motive or that they intentionally misled him about the filing deadline. Further, the Board's refusal to accept Jordan's late petitions was consistent with state law and therefore reasonable and not conscience-shocking. *See* N.Y. Elec. Law § 1-106(2); *Seawright v. Bd. of Elections in the City of New York*, Nos. 56, 58, ___ N.Y.3d ___, 2020 WL 2568804, at *2 (May 21, 2020) ("[W]e have repeatedly held that the failure to timely file required papers in connection with a designating petition, including a cover sheet or certificate of acceptance, is a fatal defect that cannot be excused." (internal quotation marks omitted)).

Third, to the extent that Jordan has raised a procedural due process claim under the Fourteenth Amendment, that claim is precluded by our decision in *Rivera-Powell v. New York City Board of Elections*, 470 F.3d 458 (2d Cir. 2006). There, the plaintiff complained that the Board violated her procedural due process rights by removing her name from the ballot in response to an

allegedly untimely objection to her petitions. *Id.* at 461–64. We held that New York State election law provided sufficient process under the Fourteenth Amendment. *Id.* at 464–68. Here, the same process was available to Jordan, and he has thus failed to state a procedural due process claim.

Fourth, Jordan has failed to state an equal protection claim under the Fourteenth Amendment. To state a "class of one" equal protection claim, a plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there [wa]s no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). To state a "selective enforcement" equal protection claim, a plaintiff must allege that he was selectively treated "compared with others similarly situated" and that "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (internal quotation marks omitted).

Here, Jordan has failed to allege any facts supporting the assertion that he and Samelys Lopez—another candidate running for office in the June primary and his alleged comparator— were similarly situated, and he thus fails to state an equal protection claim under either a class-of-one or a selective-enforcement theory. To the contrary, the evidence on which Jordan relies shows that five of the six petitions submitted by Lopez were submitted on time, on March 20, 2020. Jordan, by comparison, admits that he submitted all of his petitions on March 26, after the March 20 deadline. Thus, Jordan and Lopez were not similarly situated. Jordan alleges no other facts supporting the assertion that he and Lopez were similarly situated. Further, several other candidates who filed their petitions late—like Jordan—have not been included on the ballot. *See,*

6

*e.g.*, *Seawright*, 2020 WL 2568804, at \*2–4 (holding that no exceptions could be made for two candidates who filed their petitions or cover sheets late); *Mejia v. Bd. of Elections in the City of New York*, Nos. 59, 60, ___ N.Y.3d ___, 2020 WL 2568795, at \*1 (May 21, 2020) (mem.) (holding that candidates' failure to file timely cover sheets was fatal). Jordan has thus failed to state an equal protection claim because he has not pled any facts showing that he was treated differently from others who were similarly situated. *See Hu v. City of New York*, 927 F.3d 81, 93 (2d Cir. 2019).

Moreover, all of Jordan's claims are meritless also because he sues only the Board, a municipal agency, but fails to allege that any actions by Board staff were taken pursuant to a Board policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipalities are not liable for the unconstitutional acts of their employees under § 1983 unless the acts were taken pursuant to a municipal policy or custom).

We have considered all of Jordan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court and **DENY** the stay motion as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court